IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| PAXTON HOWARD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:21-cv-00086 |
| | ) | |
| ELLIS MOVING and STORAGE. LLC and NICK GOINS, | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANT PAXTON HOWARD'S MOTION FOR SUMMARY JUDGMENT AND MEMORANDUM IN SUPPORT**

Under Rule 56(a) of the Federal Rules of Civil Procedure, plaintiff Paxton Howard ("Howard") moves the Court to grant Summary Judgment in his favor and against defendants Defendant Ellis Moving & Storage, LLC, ("Ellis") and Nick Goins ("Goins") on Howard's claim for minimum wage violation under the Fair Labor Standards Act, 29 U.S.C. § 201, et seq. ("FLSA") and for breach of contract, unjust enrichment and quantum meruit under Tennessee law. In support of his Motion, Howard submits the following:

## I. INTRODUCTION

Howard worked as a truck driver for defendants. He drove a truck leased by Goins from Ellis and delivered and assembled products that Ellis contracted to deliver and assemble. Goins paid Howard $160.00 per day to drive and assemble Ellis' products. Howard worked eight shifts from December 21, 2020, delivering Ellis' products for which he was paid nothing. Defendants' actions violated the FLSA and Tennessee common law, and Howard is entitled to summary judgment[1].

[1] Howard also asserted an FLSA claim for overtime violation which he now abandons.

## II. UNDISPUTED FACTS

Howard is a former employee of defendants. During his employment with defendants, plaintiff was a covered employee under the FLSA. Amended Complaint ¶ 4 (DE 17); Answer to Amended Complaint ¶ 4 (DE 19). Defendants are covered employers under the FLSA. Plaintiff was jointly employed by defendants from August, 2020, until January 8, 2021. Defendant Nick Goins ("Goins") paid plaintiff and partially directed his work. Defendant Ellis Moving & Storage, LLC, ("Ellis") directed the work of plaintiff, provided the truck he drove, and plaintiff wore an Ellis uniform. Amended Complaint ¶ 5; Answer to Amended Complaint ¶ 5.

Defendant Ellis leased 26 foot box trucks from Enterprise Rental and subleased those trucks to individuals like Goins, who in turn hired drivers and helpers to deliver and assemble cabinets, home goods, mattresses and the like to end-line users. Deposition of Nick Goins (Goins Dep.") at 6-7. Goins hired individuals, like plaintiff Paxton Howard ("Howard") to drive and deliver the products Ellis was engaged to deliver. Goins Dep at 7

Goins paid Howard One Hundred Sixty Dollars ($160.00) per day to drive and deliver and assemble Ellis' contracted merchandise. Goins Dep. at 9, 11; Amended Complaint ¶ 8 (DE 17); Answer to Amended Complaint ¶ 8 (DE 19). Howard delivered and assembled products for Ellis and Goins in Tennessee and Kentucky. Goins Dep. at 9.

Howard began working for defendants on August 17, 2020, ended his employment on December 17, 2020 and rejoined employment with defendants on December 21, 2020. Goins Dep. at 12-13. Plaintiff regularly worked 42-43 hours per week, and he worked eight days following December 21, 2020 for which he was not paid anything. Goins Dep. at 15-16; 22-24; 27. It is undisputed that Howard worked delivering and assembling for defendants for eight (8) days and was not paid anything. Goins Dep. at 14, 27.


Case 3:21-cv-00086 Document 20 Filed 12/17/21 Page 2 of 7 PageID #: 127

When Howard was hired, Ellis through Goins provided Howard with Ellis branded shirts to wear and provided him a delivery schedule. Goins Dep. at 35-36; Deposition of Mitchel Borske ("Borske Dep.") at 11. Howard drove an Ellis' leased truck, loaded that truck with Ellis' provided pallet jacks and Goins' provided dollies and strapped the load with Goins' provided straps. Borske Dep. at 21-22. When Howard was hired, Ellis required that he complete an application process and undergo a background check for criminal history and driving record. Borske Dep. at 22-24. It is undisputed that Howard was paid (until he wasn't paid) by Goins and that Ellis directed his work activities. Answer (Document 6 at p. 1, ¶ 5). It is undisputed that Howard was not paid minimum wage, or any wage, for the eight shifts he worked for defendants after December 21, 2020. Goins Dep. at 15-16; 22; 27.

## III. LEGAL STANDARDS

### A. Motions for Summary Judgment

This Court may grant summary judgment in whole or in part on a claim or defense "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(a). The burden of identifying evidence in the record that shows the absence of a genuine issue of material fact lies with the moving party. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).

After the movant has met its burden under Rule 56(a), the burden of production shifts, and the nonmoving party "must do more than simply show that there is some metaphysical doubt as to the material facts." Matsushita Electronic Industrial Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986). Rather, the nonmoving party must support its assertion that the material facts are genuinely disputed "citing to particular parts of materials in the record . . . or showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an

adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1)(A)–(B). .

Where the non-moving party has had an ample opportunity to conduct discovery, it must come forward with "affirmative evidence" to support its claim or defense. Anderson v. Liberty Lobby, 477 U.S. 242, 257 (1986). "A mere 'scintilla' of evidence supporting the opposing party's position will not suffice; there must be enough of a showing that the jury could reasonably find for that party." Walker v. Darby, 911 F.2d 1573, 1577 (11th Cir. 1990) (citing Anderson, 477 U.S. at 252). If the evidence advanced by the nonmoving party "is merely colorable, or is not significantly probative, then summary judgment may be granted." Anderson, 477 U.S. at 249–50 (citations omitted).

**B. Liability under the FLSA**

The FLSA generally requires employers to pay employees a minimum wage of $7.25 per hour for up to 40 hours per week. 29 U.S.C. §§ 206(a), 207(a)(1). An employer who violates the minimum wage provisions of the FLSA is liable to the employee for the unpaid wages, plus liquidated damages equal to the amount of those unpaid wages. 29 U.S.C. § 216(b).

"[A]n employee bringing . . . suit [under the FLSA] has the 'burden of proving that he performed work for which he was not properly compensated.'" Monroe v. FTS USA, LLC, 860 F.3d 389, 398 (6th Cir. 2017) (quoting Anderson v. Mt. Clemens Pottery Co., 328 U.S. 680, 686-87 (1946)). However, where the employer's records are inaccurate or inadequate[2], an employee can carry his burden "if he proves that he has in fact performed work for which he was improperly compensated and . . . produces sufficient evidence to show the amount and extent of that work as a matter of just and reasonable inference." Id. at 398-99 (quoting Mt. Clemens, 328

[2] Here, while Goins testified that plaintiff regularly worked 42 to 43 hours per week, defendants concede that they have no time records of any kind for plaintiff. Goins Dep.at 23-24; Borske Dep. at 25.

U.S. at 687). Estimates may suffice under this standard because "an inaccuracy in damages should not bar recovery for violations of the FLSA or penalize employees for an employer's failure to keep adequate records." Id. at 412 (citing Mt. Clemens, 328 U.S. at 688).

Here, defendants admit that plaintiff worked 42 to 43 hours per week and was not paid for eight working shifts. Goins Dep. at 14, 22-24, 27. By not paying plaintiff at all, defendants have failed to adhere to the requirements of the FLSA and is entitled to a judgment in the amount of $311.75 for one five day, 43 hour work week and another $174.00 for the additional three days at 8 hours per day for a total minimum wage judgment in the amount of $485.75. Plaintiff also is entitled to FLSA liquidated damages equal to the amount of unpaid wages he is owed, particularly because there is no evidence to suggest defendants acted in good faith. See 29 U.S.C. § 260. Finally, plaintiff is entitled to an award of attorneys' fees and litigation costs in this case. 29 U.S.C. § 216(b).

**C. Breach of Contract**

"The essential elements of any breach of contract claim include (1) the existence of an enforceable contract; (2) nonperformance amounting to a breach of the contract, and (3) damages caused by the breach of the contract." Custom Built Homes v. G.S. Hinsen Co., Inc., 1998 WL 960287 (Tenn.Ct.App. Feb. 2, 1998).

Here, the parties had a course of dealing for four months, whereby Defendants were to pay Plaintiff $160/day for each day worked. That was the understanding of the parties, and the parties performed under that understanding for four months. Defendants defaulted on that agreement for Plaintiff's last eight days of work and have accordingly breached the contract established by the parties in the amount of $1,280.00, reduced by the amount of the minimum wage judgment entered by the Court.

## D. Quantum Meruit/Unjust Enrichment

Unjust enrichment is a quasi-contractual theory or is a contract implied-in-law in which a court may impose a contractual obligation where one does not exist. Whitehaven Community Baptist Church v. Holloway, 973 S.W.2d 592, 596 (Tenn.1998) (citing Paschall's, Inc. v. Dozier, 219 Tenn. 45, 407 S.W.2d 150, 154-55 (1966)). Such contracts are not based upon the intention of the parties but are obligations created by law and are "founded on the principle that a party receiving a benefit desired by him, under the circumstances rendering it inequitable to retain it without making compensation, must do so." Paschall's, 407 S.W.2d at 154. A contractual obligation under an unjust enrichment theory will be imposed when: (1) no contract exists between the parties or, if one exist, it has become unenforceable or invalid; and (2) the defendant will be unjustly enriched absent a quasi-contractual obligation. B & L Corp. v. Thomas and Thorngren, Inc., 162 S.W.3d 189 (Tenn. 2005).

An action in quantum meruit provides an equitable substitute for contract claims. Such an action allows parties who have provided goods and services to another to recover the reasonable value of these goods and services. In order to recover under quantum meruit, the following factors must be established: (1) there must be no existing, enforceable contract between the parties covering the same subject matter; (2) the party seeking recovery must prove that it provided valuable goods and services; (3) the party to be charged must have received the goods and services; (4) the circumstances must indicate that the parties involved in the transaction should have reasonably understood that the person providing the goods or services expected to be compensated; and (5) the circumstances must also demonstrate that it would be unjust for the party benefitting from the goods or services to retain them without paying for them. Professional Eng'g Services v. City of Red Boiling Springs, No. M1999-00342-COA-R3-CV, 2000 Tenn. App. LEXIS 256 (April 26, 2000).

Here, if the Court finds that the terms of the parties' contract are not sufficiently clear, Plaintiff moves for the entry of judgment on a quasi-contractual theory on the basis that the parties' course of dealing require the imposition of a contract. The terms of such quasi-contract are clear and dictate that Plaintiff is entitled to a judgment in the amount of $1,280.00, reduced by the amount of the minimum wage judgment entered by the Court.

Respectfully submitted,

/s/Stephen W. Grace
Stephen W. Grace (TN Bar No. 14867)
sgrace@sgracelaw.com
1019 16th Avenue, South
Nashville, Tennessee 37212
Telephone: (615) 255-5225
Facsimile: (615) 255-5895

/s/ Kerry Knox
Kerry Knox (TN Bar No. 023302)
kek@castelliknox.com
117 South Academy Street
Murfreesboro, TN 37130
Telephone: (615) 896-1000
Facsimile: (615) 896-1027
Attorneys for Plaintiff

CERTIFICATE OF SERVICE

I certify that a copy of the foregoing Motion for Summary Judgment and Memorandum in Support was served on this the 22nd day of December, 2021, by operation of the Court's CM/ECF filing system on James C. Bradshaw III, Esq., WYATT, TARRANT & COMBS, LLP, 333 Commerce Street, Suite 1050, Nashville, Tennessee 37201.

/s/ Stephen W. Grace