**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION**

| | | |
|---|---|---|
| **PAXTON HOWARD,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 3:21-cv-00086** |
| | ) | **Judge Aleta A. Trauger** |
| **ELLIS MOVING AND STORAGE,** | ) | |
| **LLC and NICK GOINS,** | ) | |
| | ) | |
| **Defendants.** | ) | |

**MEMORANDUM AND ORDER**

Before the court is plaintiff Paxton Howard's Motion for Award of Attorneys' Fees, in which the plaintiff also requests that he be awarded costs set out in his Bill of Costs. (Doc. No. 38; *see also* Doc. No. 36.) For the reasons set forth herein, the motion will be granted, though the fees awarded will be reduced from the amount sought by plaintiff's counsel. The court will award costs in the amount requested.

**I.      FACTUAL AND PROCEDURAL BACKGROUND**

In his original Complaint, filed on February 4, 2021, the plaintiff brought claims under the Fair Labor Standards Act (FLSA) and, alternatively, for breach of contract and unjust enrichment/quantum meruit, asserting that the defendants, Ellis Moving and Storage, LLC and Nick Goins, had failed to pay him the minimum wage due for his last two weeks of work or to pay him the contractual amount due for the same time period. (Doc. No. 1.) He sought damages in the amount of his unpaid compensation in an amount "to be proven at trial," interest and liquidated damages, as well as attorney's fees and costs under 29 U.S.C. § 216(b). (*Id.* at 3.) In their Answer, the defendants largely admitted the allegations in the Complaint, except that they denied that

Howard had worked a "full two (2) weeks prior to the termination of his employment." (Doc. No. 9 ¶ 10.) On October 29, 2021, the plaintiff filed an Amended Complaint adding a claim for unpaid overtime compensation allegedly due under the FLSA. (Doc. No. 17.) In their Answer, the defendants denied that the plaintiff was entitled to overtime compensation, based on the Motor Carrier Exemption to the FLSA, and, again, denied that the plaintiff had worked a full two weeks prior to the termination of his employment. (Doc. No. 19 ¶¶ 9, 11.) In the Initial Case Management Order (ICMO) submitted by the parties and later entered by the court, the defendants explained under their theory of the case that "the time frame during which Plaintiff alleges non-payment of wages is incorrect." (Doc. Nos. 12, at 1.) They also asserted that their failure to pay was not willful and, on that basis, denied that the plaintiff was entitled to liquidated damages, interest, attorney's fees, or costs under the FLSA. (*Id.* at 1–2.) In other words, the defendants never disputed that the plaintiff was entitled to pay for the last days he worked; they just disputed that he had worked a full two weeks prior to his termination, and they also opposed the claim for liquidated damages under the FLSA. (*See* Doc. No. 39, at 2.)

On April 22, 2021, immediately following entry of the ICMO, plaintiff's counsel submitted an offer to settle the case in its entirety for $11,000. Defense counsel, on behalf of his clients, rejected that demand and counteroffered to settle for $2,500, asserting that the amount the plaintiff sought was "too high in light of the amount actually in dispute." (Doc. No. 40-1, at 1.) Even at that point, the maximum value of the plaintiff's claim for two weeks of pay, as established by the allegations in the Complaint and the plaintiff's theory of the case in the ICMO, was $1,600. At this point, however, the plaintiff's two attorneys, together, had already worked ten hours on the case.

Over the next several months, plaintiff's counsel prepared written discovery requests, Rule 26 disclosures, and a Rule 30(b)(6) notice. (Doc. Nos. 38-2, at 4; Doc. No. 38-3, at 6.) According to the defendants, despite the simplicity of the case, the plaintiff served fifteen interrogatories and twenty-three requests for production of documents, and he served a Rule 30(b)(6) notice identifying fifteen topics of inquiry. (Doc. No. 39, at 2.)

In October 14, 2021, after the defendants had responded to discovery, defense counsel served plaintiff's counsel a formal Offer of Judgment in the amount of $5,000. In the email accompanying the Offer of Judgment, defense counsel noted that the plaintiff's maximum possible recovery was approximately $2,500,[1] which left an additional $2,500 for attorney's fees. (Doc. No. 40-2, at 1.) The plaintiff countered with an offer to settle the entire case for $9,000, of which $3,000 would be allocated to Mr. Howard and $6,000 to attorney's fees. (*Id.*) The defendants responded that the absolute maximum for which they had the financial ability to settle was $6,000. (*Id.*)

The plaintiff rejected that amount and, thereafter, proceeded with the depositions of the defendants and the preparation and filing of a Motion for Summary Judgment. (Doc. No. 22.) The defendants did not oppose the Motion for Summary Judgment and, instead, filed a response stipulating that the plaintiff was entitled to contractual damages in the amount of $1,280. (Doc. No. 32.) The court granted the motion, and Judgment was entered for the plaintiff.

The plaintiff, thereafter, filed a Motion for an Award of Liquidated Damages (Doc. No. 37), which the court denied. The plaintiff's original Motion for Summary Judgment had proceeded under the theory that the plaintiff was entitled to FLSA damages as well as contractual damages,

---

[1] The exact figure was $2,560, which apparently credited the plaintiff's theory that he was entitled to liquidated damages under the FLSA equal to the amount of the contractual pay he was owed, even while the defendants disputed the plaintiff's entitlement to liquidated damages.

reduced by the amount to which he was entitled under the FLSA, effectively acknowledging that he was not entitled to a double recovery. Because the amount of contractual damages ($1,280) exceeded the amount of the minimum wage plus liquidated damages to which the plaintiff was entitled under the FLSA, the court found that no additional damages under the FLSA were permitted and, therefore, denied the motion. (Doc. No. 41.)

The plaintiff has now filed the fee motion, supported by his two attorneys' Declarations and itemized billing records, in which he seeks a total of $19,020 in fees. (Doc. Nos. 38, 38-2, 38-3.) He computed that figure by multiplying attorney Stephen Grace's hourly rate of $475 by 26.4 hours, multiplying attorney Kerry Knox's hourly rate of $450 by 14.4 hours, and adding the figures derived by those calculations. (Doc. No. 38, at 4; *see also* Doc. Nos. 38-2, 38-3.)[2]

The defendants oppose the amount sought as duplicative, excessive, and out of line with the relative complexity and needs of this case. (Doc. No. 39.)

## II. LEGAL STANDARD

The court must award a prevailing plaintiff in an FLSA case "a reasonable attorney's fee to be paid by the defendant." 29 U.S.C. § 216(b). "An award of attorney fees to a prevailing plaintiff under . . . the FLSA is mandatory, but the amount of the award is within the discretion of the judge." *Fegley v. Higgins*, 19 F.3d 1126, 1134 (6th Cir. 1994) (citation omitted); *see also Rembert v. A Plus Home Health Care Agency LLC*, 986 F.3d 613, 616 (6th Cir. 2021). "Since the FLSA does not discuss what constitutes a reasonable fee, '[t]he determination of a reasonable fee must be reached through an evaluation of a myriad of factors, all within the knowledge of the trial court, examined in light of the congressional policy underlying the substantive portions of the

---

[2] Absent from plaintiff's counsel's documentation are billing entries or fees associated with drafting and filing the Amended Complaint alleging an FLSA overtime violation, a theory of recovery later abandoned in light of the Motor Carrier Exemption.

statute providing for the award of fees.'" *Fegley*, 19 F.3d at 1134 (quoting *U. Slate, Tile & Composition Roofers, Damp & Waterproof Workers Ass'n, Local 307 v. G & M Roofing & Sheet Metal Co.*, 732 F.2d 495, 501 (6th Cir. 1984)).

A court called upon to award a reasonable fee must first calculate the "lodestar" amount, *Rembert*, 986 F.3d at 616, by "identify[ing] a reasonable hourly rate and determin[ing] the hours reasonably expended on the litigation" to reach a "reasonably objective 'initial estimate of the value of the lawyer's services.'" *U. Slate*, 732 F.2d at 503 (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983)). Once the lodestar amount is calculated, the court must then "measure that amount against several factors," including the results obtained by the litigant. *Id.*

The factors the district court may consider, "either in determining the basic lodestar fee and/or adjustments thereto," include the following:

> (1) the time and labor required by a given case; (2) the novelty and difficulty of the questions presented; (3) the skill needed to perform the legal service properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the 'undesirability' of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.

*Adcock-Ladd v. Sec'y of Treasury*, 227 F.3d 343, 349 n.8 (6th Cir. 2000) (quoting *Reed v. Rhodes*, 179 F.3d 453, 472 n.3 (6th Cir. 1999). In addition, the Sixth Circuit has recognized that a rejected settlement offer is another factor that may be considered. *See McKelvey v. Sec'y of U.S. Army*, 768 F.3d 491, 495, 498 (6th Cir. 2014) ("[T]he district court may consider spurned settlement offers in deciding whether to award fees."). In the majority of cases, the lodestar calculation of the reasonable number of hours expended in a case will already reflect consideration of these factors. *See Gonter v. Hunt Valve Co.*, 510 F.3d 610, 621 (6th Cir. 2007) (considering request for enhancement of the lodestar amount).

In reviewing a request for fees, the court must "provide a concise but clear explanation of its reasons for the award. The district court should state with some particularity which of the claimed hours the court is rejecting, which it is accepting, and why." *Smith v. Serv. Master Corp.*, 592 F. App'x 363, 366 (6th Cir. 2014) (quoting *U.S. Structures, Inc. v. J.P. Structures, Inc.*, 130 F.3d 1185, 1193 (6th Cir. 1997)).

Although the degree of success achieved remains the most important factor to consider, the Sixth Circuit has cautioned that, in light of the purpose of the FLSA fee provision—"to insure effective access to the judicial process by providing attorney fees for prevailing plaintiffs with wage and hour grievances," *U. Slate*, 732 F.2d at 502—courts "should not place an undue emphasis on the amount of the plaintiff's recovery because an award of attorney fees here 'encourage[s] the vindication of congressionally identified policies and rights.'" *Fegley*, 19 F.3d at 1134–35 (quoting *U. Slate*, 732 F.2d at 503). Thus, a substantial fee award may be warranted even where an FLSA plaintiff is awarded "only nominal damages." *Id.* at 1135 (citation omitted).

III.    DISCUSSION

A.      The Lodestar Amount

1.    *Reasonable Hourly Rate*

In this circuit, the court, "in calculating the reasonable hourly rate component of the lodestar computation, should initially assess the prevailing market rate in the relevant community." *Smith v. Serv. Master Corp.*, 592 F. App'x 363, 369 (6th Cir. 2014) (quoting *Adcock–Ladd*, 227 F.3d at 350). In determining whether the requested hourly rates are reasonable, the court should "use as a guideline the prevailing market rate, defined as the rate that lawyers of comparable skill and experience can reasonably expect to command within the venue of the court of record." *Geier v. Sundquist*, 372 F.3d 784, 791 (6th Cir. 2004). "A district court is permitted to 'rely on a party's submissions, awards in analogous cases, state bar association guidelines, and its own knowledge

and experience in handling similar fee requests.'" *Waldo v. Consumers Energy Co.*, 726 F.3d 802, 821-22 (6th Cir. 2013) (quoting *Van Horn v. Nationwide Prop. & Cas. Ins. Co.*, 436 F. App'x 496, 499 (6th Cir. 2011)).

The plaintiff seeks a fee award based on an hourly rate of $475 for Stephen Grace and $450 for Kerry Knox. In support of his requested rate of $475 per hour, Mr. Grace submitted a Declaration in which he attests that he has practiced law in the Nashville area, primarily in the area of employment litigation, for thirty years; he and Mr. Knox agreed to represent the plaintiff on a contingency basis; and his hourly rate is a "reasonable and customary fee" in this case, in light of his expertise. (Doc. No. 38-2, at 1–2.) Kerry Knox similarly attests that he has practiced law, primarily in the area of employment litigation, in this area for sixteen years and that, in light of his expertise, which includes speaking engagements and various publications, $450 is a reasonable and customary hourly rate for him. (Doc. No. 38-3, at 4.) The plaintiff also submitted the Declarations of two other local attorneys with significant experience in the field of employment litigation who attest that the hourly rates sought by plaintiff's counsel are reasonable. (Doc. Nos. 38-4, 38-5.)

The court observes, first, that the *Clio Legal Trends Report 2021*, a respected and oft-cited publication, indicates that the average hourly rate for Tennessee attorneys in 2021 was $261 and that the national average hourly rate for labor and employment lawyers was $329. *See* https://www.clio.com/wp-content/uploads/2021/08/2021-Legal-Trends-Report-Oct-26.pdf. While these averages are not dispositive, they do inform the court's analysis. More critically, recent opinions from within this district have approved hourly rates in FLSA disputes ranging from $250 to $475 per hour, with the most common rate approved being $350 per hour. *See, e.g.*, *Long v. Morgan*, 451 F. Supp. 3d 830, 837 (M.D. Tenn. 2020) (Crenshaw, C.J.) (finding the hourly rate

of $350 to be reasonable, based in part on counsel's attestation that "[a] reasonable hourly fee for attorneys in Tennessee with the experience and expertise of our firm is $350.00 to $400.00 per hour"); *Reed v. Young Ho Kim*, No. 3:18-CV-00819, 2020 WL 4530936, at *3 (M.D. Tenn. Aug. 6, 2020) (Richardson, J.) (finding an hourly rate of $350 to be reasonable and rejecting counsel's request for $560 per hour), *aff'd sub nom. Reed v. Kim*, No. 20-6013, 2021 WL 4047030 (6th Cir. July 2, 2021); *Jones v. Elite Emergency Servs. LLC*, No. 3:12-CV-00203, 2019 WL 1979497, at *2 (M.D. Tenn. May 2, 2019) (Crenshaw, C.J.) (finding $350 per hour to be reasonable, instead of the $500 originally requested); *Evans v. Caregivers, Inc.*, No. 3:17-CV-402, 2018 WL 1899360, at *3 (M.D. Tenn. Apr. 20, 2018) (awarding attorney's fees based on hourly rates of $395, $350, and $250 per hour, reduced from the requested rates of $520, $475, and $315 per hour).[3]

The dispute now before the court was an exceedingly straightforward, essentially uncontested case. In light of its simplicity, the fact that it did not proceed to trial, and the prevailing rates awarded in this community for similar work, and despite the fact that the defendant did not expressly object to the requested hourly rates, the court finds the requested rates of $475 and $450 to be excessive and unreasonable. However, in view of counsel's experience and the rate of inflation over the preceding two years, the court finds that a rate of $400 per hour for Mr. Grace and $375 for Mr. Knox to be the rate that "lawyers of comparable skill and experience can reasonably expect to command" in this district in 2021, *Geier*, 372 F.3d at 791, rather than the $350 more commonly awarded in recent FLSA cases in this district.

---

[3] *Hanson v. McBride*, 337 F.R.D. 139 (M.D. Tenn. 2020), decided by this court, did approve an hourly rate of $475 for plaintiff's counsel in an FLSA case. However, the case went to trial, and this court was able to observe the outstanding preparatory and trial work put into the hard-fought case by plaintiff's counsel, who tried the case to a successful jury verdict while suffering from illness.

## 2. *Reasonable Number of Hours*

Mr. Grace seeks compensation for 26.4 hours of work on this case; Mr. Knox seeks compensation for 14.4 hours on this case. In their Declarations, they assert that the amount of time they spent on the case was necessary and appropriate given the nature of the case. (Doc. No. 38-2, at 2; Doc. No. 38-3, at 4.) In his motion, the plaintiff states that counsel "exercised billing judgment to 'exclude excessive, redundant, or otherwise unnecessary hours.'" (Doc. No. 38, at 5 (quoting *Wayne v. Vill. of Sebring*, 36 F.3d 517, 531 (6th Cir. 1994)).) For their part, the defendants argue that the billing statements submitted by plaintiff's counsel do not support those claims and that the hours and work reflected on their billing statements are duplicative, excessive, and not in line with the complexity or needs of this case. (Doc. No. 39, at 4.) More specifically, they object that there was "no reason to have two 'experienced and successful specialists' with almost 50 years of experience between them working on this case simultaneously to recover $1,280.00," and, in light of the defendant's litigation posture, no need whatsoever to conduct written discovery and depositions or to file a dispositive motion. (Doc. No. 39, at 5.) Further, they object that there was no need for both attorneys together to spend a total of three hours "investigating" the fact that the plaintiff did not get paid for eight days of work; no need for both of them to attend unnecessary depositions; and no need for both of them to spend time drafting an unnecessary motion for summary judgment. The defendants also contest counsel's spending over two hours each on the post-judgment motions. Finally, they argue that the court can and should consider the defendant's settlement offers and the Offer of Judgment in assessing the reasonableness of the fees sought in this case.

The court finds most of these arguments to be persuasive. In particular, the court can perceive of no rational basis for two highly experienced, unaffiliated attorneys[4] both to perform work on this exceedingly simple, low-value case. As a result, it was unnecessary and redundant for both attorneys to attend court conferences, depositions, and meetings and for both to review correspondence and court filings. Accordingly, because it appears based on the number of hours billed that Stephen Grace was lead counsel, the court finds unreasonable and unnecessary Kerry Knox's time entries that reflect such duplication of effort, including:

1.2 hours for meeting with the client and co-counsel on 2/2/2021

.2 hours to review court notices on 2/5/21

.1 hours to review Bradshaw's Notice of Appearance on 3/15/21

.2 hours to review Answer on 3/31/21

.1 hours on emails regarding the ICMO on 4/16/21

.3 hours to attend Initial Case Management Conference on 4/19/21

.2 hours to review Offer of Judgment and call S. Grace re: offer on 10/14/21

.2 hours for "Discussion re: Mediation Report" on 10/19/21

2.5 hours to attend defendants' depositions on 10/29/21

.1 hours to review Order setting trial on 11/1/21

.3 hours to review Response to Summary Judgment on 1/26/22

.3 hours to review Court Order/Judgment on 3/2/22

As a result, 5.8 hours of the 14.4 hours billed by Kerry Knox are unreasonable as duplicative. The court also finds unnecessary and unreasonable the additional 2.5 hours he billed in connection with the plaintiff's Motion for Liquidated Damages, which was wholly unsupportable on the record.

---

[4] Notably, this is not a situation in which an experienced (and expensive) senior partner was assisted by a less experienced associate who billed at a substantially lower rate.

Second, in light of the defendants' efforts to settle and the plaintiff's unreasonable expectation as to the value of his claims, the court finds that most of the fees billed by both attorneys after the plaintiff rejected the defendant's $6,000 settlement offer in October 2021 to be unnecessary and duplicative, in light of the $1,280 value of the plaintiff's claims and several of the factors listed in *Adcock-Ladd*, including the minimal time and labor actually required by the case, the absence of any novel or difficult questions, and the relatively low level of legal skill required by this case. *Adcock-Ladd*, 227 F.3d at 349 n.8. As a result, for the time period of October 12, 2021 through March 2022, the court finds no more than half the hours actually billed by counsel to be reasonable. This conclusion further reduces Kerry Knox's hours by 1.5 and reduces the total 26.4 billed by Mr. Grace by 8.2.

Applying the attorneys' reasonable hourly rates to the remaining hours yields a lodestar figure of $7,280 for Mr. Grace (18.2 hours x $400) and $1,725 (4.6 hours x $375) for Mr. Knox, and a total fee of $9,005. The court having basically already taken into consideration the *Adcock–Ladd* factors in determining the reasonable number of hours expended on this case, the court does not find further consideration of those factors, or further reduction of the fee, necessary.

## IV.    BILL OF COSTS

The plaintiff submitted a Bill of Costs, seeking the recovery of costs in the amount of $883. (Doc. No. 36.) In his Motion for Award of Attorneys' Fees, he requests that the court grant that motion and award both attorney's fees "and costs as set out in the bill of costs." (Doc. No. 38, at 9.)

Under Rule 54, costs are typically allowed to a prevailing party, unless "a federal statute, these rules, or a court order provides otherwise." Fed. R. Civ. P. 54(d). Costs are typically taxed by the Clerk of Court without court involvement unless a motion for review is filed. *Id.* However,

in light of the posture of the present motion and the defendants' response, the court will circumvent that procedure and address the plaintiff's request for costs.

Under Rule 68, when a defendant makes a formal offer of judgment, and "the judgment that the offeree finally obtains is not more favorable than the unaccepted offer, the offeree must pay the costs incurred after the offer was made." Fed. R. Civ. P. 68(d). In this case, the defendants submitted a formal Offer of Judgment to the plaintiff on October 14, 2021, offering to settle the case in its entirety for $5,000, to cover both the plaintiff's damages and attorney's fees. (*See* Doc. No. 40-2, at 1.)[5] Based on this Offer and Rule 68, the defendants argue that the plaintiff is not entitled to any costs incurred after the October 14, 2021 Offer of Judgment. They specifically object to the $412 the plaintiff seeks for deposition transcripts incurred after the $5,000 Offer of Judgment was made.

The amount of the Offer of Judgment, however, did not attempt to fully satisfy the plaintiff's claim for attorney's fees, even the fees that had accrued as of the date of the Offer of Judgment. Moreover, the amount offered by the defendants technically is not more than the amount actually recovered by the plaintiff, because the plaintiff's Complaint included a claim for attorney's fees under the FLSA, and the plaintiff's total award, including attorney's fees, exceeds the $5,000 offered in the Offer of Judgment (and the $6,000 offered in settlement). For this reason, the defendants' Offer of Judgment does not operate to preclude the award of costs incurred after October 14, 2021. The plaintiff is entitled to the costs enumerated in the Bill of Costs.

---

[5] The actual Offer of Judgment does not appear to be in the record, but its contents is summarized in defense counsel's October 14, 2021 email, which is. (Doc. No. 40-2, at 1.) The plaintiff has not disputed these assertions.

## V. CONCLUSION AND ORDER

For the reasons set forth herein, the plaintiff's Motion for Award of Attorney's Fees (Doc. No. 38) is **GRANTED IN PART**, and the plaintiff is awarded a reasonable attorney's fee of $9,005. Further, the plaintiff is **AWARDED** the costs sought in his Bill of Costs, in the amount of $883.80.

It is so **ORDERED**.

ALETA A. TRAUGER
United States District Judge